United States District Court
Eastern District Of Virginia

FILED APR - 2 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Complaint Under Title 42 United States Code § 1985

Action No. 3:12CV239

## Parties

### A. Plaintiff:

1. Gary B. Williams, No. 104815
   Richmond City Jail
   1701 Fairfield Way
   Richmond, VA. 23223

RECEIVED APR - 2 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

### B. Defendants:

1. Mr. Bradley Cavedo, Richmond Circuit Court Judge,
   Richmond Circuit Court
   400 N. 9th. St., Richmond, VA. 23219

2. Mr. Tracy Thorne-Begland, Commonwealth Attorney For The
   City Of Richmond.
   Office Of The Commonwealth Attorney, 400 N. 9th. St.,
   Richmond, VA. 23219.

3. Mr. Gary Bowen, Attorney At Law/Court Appointed Counsel,
   1919 Huguenot Road, Richmond, VA. 23235

4. Mr. Scott Johnson, James City County Police Officer,
   James City County Police Dept., P.O. Box 8784, Williamsburg,
   Virginia 23187

## Previous Lawsuits

1. Williams v. Simmons, no. 3:11 cv 311 (E.D.Va. 2011), dismissed pursuant to 28 U.S.C. §1915(g), Appealed (No. 11-6796). dist. ct. decision reversed on December 13, 2011 (Document 18). Case Active.

2. Williams v. Cir. Ct. For The City Of Suffolk, no. 3:11 cv 125 (E.D.Va. 2011), dismissed under 28 U.S.C. §1915(g). Appealed. dist. ct. decision vacated and case remanded on March 2nd, 2012. Case Active.

3. Williams v. Va. Supreme Ct., no. 3:11 cv 132, (E.D.Va. 2011) dismissed under 28 U.S.C. §1915(g). Appealed. (No. 11-6787). dist. ct. reversed. dismissed on other grounds.

4. Williams v. Richmond Cir. Ct., no. 3:12 cv 55. Case Active. §1443

5. Williams v. Bowen et al, no. 3:12 cv 139. Case Active. §1983

6. Williams v. Smith, no. 3:11 cv 578. Case Active. §2254

7. Williams v. Suffolk Circuit Ct., no. 3:12 cv 78. Case Active. §1443

## Statement Of The Claim

Defendant Cavedo, a Richmond Circuit Court judge presiding over Commonwealth v. Gary Williams, case no. 04-Z-4668-01 since 2004, knowingly, intelligently, deliberately, and maliciously used his authority to unlawfully terminate revocation proceedings on March 20, 2012 prematurely at a status hearing by issuing a final ruling in favor of defendant Begland (the district attorney) without affording Williams his due process right to testify in his own behalf, introduce witnesses in his behalf, and introduce Federal documents in his behalf as evidence to prove his innocence of the allegations made by defendants Begland and Johnson. Defendant Cavedo had been aware of the intent of plaintiff Williams to introduce witnesses and documents as evidence in his defense since the May 12, 2011 initial appearance

of Williams in the Richmond Circuit Court, (TR.4 lines 12-14, TR.14 lines 19 through TR.15 line 3, TR.19 lines 1-6, TR.20 line 24 through TR.21 line 15, TR.30 lines 6-19, TR.31 lines 6-25, TR.75 lines 8-19), and promised that Williams would be heard to introduce evidence at a later date (TR.75 lines 14-25, and TR.76 lines 16-18). Defendant Cavedo even issued orders beginning in July of 2011 to compel Williams's custodians to stop preventing Williams from bringing his evidence into the courtroom, see attachment I.. Defendant Cavedo stopped protecting and defending Williams's right to introduce witnesses and other evidence in his behalf 'AFTER' being notified by the federal district court on October 18, 2011 in the matter of Williams v. Smith, no. 3:11cv578, that Williams had filed a habeas corpus challenging both the constitutionality and validity of the manslaughter conviction and subsequent but pending revocation proceedings 'AFTER' being 'repeatedly' notified in writing by Williams since January 16, 2012 and February 5, 2012 he initiated removal proceedings (28 U.S.C. §1443) in 3:12cv55 and civil rights actions (42 U.S.C. §1983) in 3:12cv139, which directly arise out of and affect then pending revocation proceedings and defendants Beglard, Bowen, and Johnson, who were working together to have Williams declared a drug dealer by defendant Cavedo and found guilty of violating probation through the use of perjury, fraudulent police reports, and misrepresentations of fact so as to create a false record of fact in state court to be used to thwart future civil litigation filed to obtain relief and damages.. Defendant Cavedo protected and enforced Williams's Due Process rights to access to the court and to present evidence in criminal proceedings so long as it didn't endanger the employment and liberty of white men in positions of authority, which all defendants in this action happen to be (The Plaintiff, Williams, is BLACK). Cavedo's actions have:

Ⓐ. Publicly humiliated Williams in Court on March 20, 2012,

Ⓑ. Deprived Williams of his liberty without due process and falsely labeled him a drug dealer,

Ⓒ. Subjected Williams to destruction of his legal files/evidence (Again) by Richmond City Jail staff who refuse to transfer inmate property with them to the dept. of corrections, then destroy it in (5) days as per policy (see attachment I). Termination of proceedings subjected Williams to possible transfer to prison at any time now, and the destruction of legal files/evidence needed for litigation pending in the federal courts (3:11cv578; 3:11cv536; 3:12cv78; 3:12cv55; 3:12cv139; and more),

Ⓓ. Brought into question the integrity of the Richmond Circuit Court, and the cases prosecuted by defendant Beglond concerning persons of color.

Defendant Cavedo didn't want attachment II, a handwritten Court order dated December 22, 2005 brought out in open court or reviewed by the federal court in civil action no. 3:11cv578 because it shows that Cavedo re-negotiated the plea terms after the state violated the original plea, and took Williams off supervised probation that was mandated by code of Va. §18.2-10(q) which can only be done by removing the suspended sentence indefinitely w/o any conditions (unconditionally). Cavedo never corrected the record, or entered the new agreements in the record, and has a attitude because Williams kept good files and copies of the secret deals made, and sought to expose him (Cavedo) to the feds when Cavedo acted like the no such deal was made between himself and a lowly negro like Williams.

Neither Cavedo, defendant Beglond, or defendant Johnson wanted attachment III, or the other such federal documents admitted into evidence, which is the handwritten statement of Marvin Randal, the alleged confidential informant, that clearly shows that he (Marvin Randal) was not a confidential inform-

ant in 2007 but a self alleged partner/collaborator in crime with Williams, who was a drug dealer, who allegedly made (2) drug buys from Williams in private/secluded settings, and at no time had any contact, sight, or dealings with Robert Wallace (Williams alleged supplier) because he, Robert Wallace, refused to have any dealings or association with Marvin Randal; all of which directly contradicts the sworn testimony of defendant Johnson given on May 12, 2011. That document, when other documents/evidence are produced, proves that Marvin Randal was told by defendant Johnson what to write back in 2007 to acheive his unlawful purpose (obtaining Federal indictment); and also that defendant Begland had this document and others in posession since 2008 courtesy of the U.S. Attorney's Office, but still persued prosecution of revocation proceedings and deliberately didn't impeach Johnson's hearsay testimony on May 12, 2011, or reveal to the plaintiff Williams at any time that he (Begland) had such documents. Defendant Bowen never had any intention of defending plaintiff Gary Williams in state revocation proceedings and had at all proceedings never sent subpoena to Williams's witnesses, nor called Williams to testify in his own behalf, nor visited Williams at the Richmond City Jail since his (Williams) arrival in October 20, 2011 (see attachment IV) to go over the federal files that defendant Cavedo issued Orders to compel jail staff to return said files to Williams posession (see attachment V). Defendant Bowen also knew that Williams had federal documents like attachment III, as early as May 12, 2011, and never impeached the testimony of defendant Johnson, his white southern brother, or revealed defendant Beglands deliberate use of perjured testimony to revoke Williams suspended sentence. According to Bowen, defendant Begland was up for a judgship and defendant Cavedo and himself were not going to let a negro like Williams interfere with that and that Williams will have

to accept that... Defendant Bowen acknowledged on March 20, 2012 in open court that defendant Beglond informed him that Williams had filed civil actions in federal court concerning the revocation hearing, and it's litigants (Williams v. Bowen et al, 3:12cv139; Williams v. Richmond Cir.Ct., 3:12cv55) and made it clear that he sees that by the clerk's stamp on the paper that Williams informed the defendant Cavedo; but refused to dismiss himself when conflict of interest was obvious because of his confidence in federal district court judge Henry Hudson's continued and consistent propensity to make federal judicial process off limits to Williams using delay and deliberate unreasonable use of judicial discretion...

This complaint states a valid cause of action under 42 U.S.C. § 1985 (Ryland v. Shapiro, 708 F.2d 967, 973-74 (5th Cir. 1983)), and relief is warranted.

Executed: March 25, 2012                    Gary Williams, plaintiff pro-se.

### Requested Relief

1. Plaintiff to have Richmond Circuit Court proceedings in the matter of Commonwealth v. Gary Williams, case no. 04-F-4668-01, reopened to allow the introduction of evidence by Williams before a neutral and impartial state judge for a ruling on evidence presented.

2. Automatic reversal of the aforementioned rulings made in Commonwealth v. Gary Williams, supra, including the underlying conviction if Williams's legal files and evidence get lost, damaged, or destroyed by Williams custodian before being used in state proceedings or pending and future federal civil litigation.

3. Criminal federal prosecution of all defendants in this action under title 18

U.S.C. § 241 and § 242, and recovery of monetary awards for actual damages, pain & suffering, mental anguish, public humiliation, slander and libel, and punitive purposes.

4. Any additional relief the plaintiff may be entitled to.

Plaintiff Williams declares this 25th day of March 2012, under penalty of perjury that the foregoing is true and correct.

Gary B. Williams
Plaintiff Pro-Se

———— The End ————

RECEIVED

2012 MAR 28 P 1:55

CLERK US DISTRICT COURT
NORFOLK, VIRGINIA